IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS PARRISH; MELINA PARRISH, Individually and as *prochien ami* for minor Children E.L.P., born in 2002; and E.D.P., born in 2002,<br><br>        Plaintiffs,<br>  vs.<br><br>JCI JONES CHEMICALS, INC., a for-profit New York Corporation; JOHN DOES 1–10; DOE CORPORATIONS 1–10; DOE PARTNERSHIPS 1–10; and DOE ENTITIES 1–10,<br><br>        Defendants.| CIVIL NO. 17-00518 JAO-RLP<br><br>**ORDER AFFIRMING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| JCI JONES CHEMICALS, INC.,<br><br>        Third-Party Plaintiff,<br>  vs.<br><br>STATE OF HAWAIʻI; COUNTY OF HAWAIʻI,<br><br>        Third-Party Defendants. | |

**ORDER AFFIRMING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Before the Court is Plaintiffs Lucas and Melina Parrish's (collectively,

"Plaintiffs") Appeal In-Part of Magistrate Judge's Order Granting in Part and

Denying in Part Plaintiffs' Request for Leave to File First Amended Complaint (the "Appeal"). Doc. No. 79. Defendant JCI Jones Chemicals, Inc. ("Defendant") filed its response and opposition on November 27, 2018. Doc. No. 82. This matter shall be decided without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court AFFIRMS the Order Granting in Part and Denying in Part Plaintiffs' Request for Leave to File First Amended Complaint.

## I. BACKGROUND

As the parties and the Court are familiar with the factual history of this case, the Court need not recount it here. The Court includes only those facts necessary for the disposition of this Appeal.

On August 22, 2017, Plaintiffs initiated this action in the Circuit Court of the Third Circuit, State of Hawai'i, asserting negligence (Count I) and strict liability (Count II) claims against Defendant. Doc. No. 1, Ex. A. Defendant removed the action on the basis of diversity jurisdiction on October 13, 2017. Doc. No. 1.

On September 20, 2018, the Magistrate Judge approved a stipulation granting Defendant leave to file a third-party complaint against the State of Hawai'i and the County of Hawai'i ("County"). Doc. No. 55. Defendant filed its Third-Party Complaint the same day. Doc. No. 56. The County filed its Answer to the Third-Party Complaint and a Counterclaim against Defendant on October 26,

2018. Doc. No. 64. Plaintiffs filed a Motion for Leave to File Amended Complaint and for Remand on October 30, 2018.[1] Doc. No. 66.

With respect to the request to amend the Complaint, Plaintiffs sought to (1) allege additional facts related to their negligence claim against Defendant, and (2) add direct claims against the County. Doc. No. 66. On November 19, 2018, the Magistrate Judge issued an Order Granting in Part and Denying in Part Plaintiffs' Request to File First Amended Complaint. Doc. No. 77. The Magistrate Judge granted Plaintiffs' request for leave to amend to add factual allegations against Defendant but denied Plaintiffs' request to add direct claims against the County. *Id.*

The Magistrate Judge considered Plaintiff's request for amendment under 28 U.S.C. § 1447(e) because the proposed claims would destroy complete diversity. *Id.* at 5. He noted that the decision to allow joinder is discretionary and based on the weighing of the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure [("FRCP")] 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; and (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

---

[1] This Court severed the portion of the motion seeking leave to amend from the portion seeking remand. Doc. No. 68.

*Id.* at 6. The Magistrate Judge found that factors (3), (4), and (5) weighed in favor of amendment and that factors (1), (2), and (6) weighed against amendment. *Id.* at 6–10.

As to whether the County should be joined under FRCP 19(a), the Magistrate Judge concluded that "[a]lthough Plaintiffs' claims against the County arise from the same events as their claims against Defendant JCI, it is not necessary to consider the claims against the County to resolve Plaintiffs' existing claims against Defendant JCI nor it is necessary to join the County to protect its interests." *Id.* at 7.

In considering whether the statute of limitations would preclude an original action against the new defendants in state court, the Magistrate Judge noted that Plaintiffs would not be precluded because they have already filed an action in state court. *Id.* The Magistrate Judge also determined that Plaintiffs had not demonstrated sufficient prejudice. *Id.* at 9.

Considering the factors as a whole, the Magistrate Judge held:

> After weighing the relevant factors and considering the circumstances of this case, the Court finds that it is not appropriate to allow Plaintiffs to assert claims against the County in this action. As noted above, the County is not a necessary party to this litigation and Plaintiffs have already filed a state court action against the County in state court. Further, this action has been proceeding for more than a year in federal court, the dispositive motions deadline is set for January 2, 2019, and trial is set for June 2019. The Court DENIES Plaintiffs' request for leave to amend to assert claims against

4

the County.[2]

*Id.* at 9–10.

On November 21, 2018, Plaintiffs filed the instant Appeal.

## II. LEGAL STANDARD

District courts review magistrate judges' decisions on non-dispositive matters under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); LR 74.1; *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004); *Bhanu v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). A magistrate judge's denial of a request for leave to amend is a non-dispositive matter. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 & n. 1 (9th Cir. 1985), *superseded by rule on other grounds as recognized by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). Accordingly, a district court must defer to a magistrate judge's denial of a request to amend a complaint unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

The "clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004)

---

[2] The Court acknowledges that the deadlines and trial date have since been continued.

(citations and internal quotations omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)); *see also Rivera*, 364 F.3d at 1063 (stating that a district court may not overturn a magistrate judge's pretrial order "simply because [it] might have weighed differently the various interests and equities").

## III. DISCUSSION

Plaintiffs appeal the Magistrate Judge's Order on the basis that he clearly erred in denying them leave to amend their Complaint to add direct claims against the County. Doc. No. 79 at 3. Plaintiffs assert three arguments in their Appeal: (1) the Magistrate Judge did not have discretion to disregard Hawaiʻi Revised Statutes ("HRS") § 657-7.5; (2) § 1447(e) does not apply to the joinder of previously-joined third-party defendants; and (3) the Magistrate Judge clearly erred in weighing the factors relevant to the joinder of a non-diverse defendant pursuant to § 1447(e). *Id.* The Court disagrees and AFFIRMS the Magistrate Judge's Order.

### A. HRS § 657-7.5 is Inapplicable

Plaintiffs argue that the Magistrate Judge was required to grant them leave to add direct claims against the County pursuant to HRS § 657-7.5. Doc. No. 79 at 5. Federal courts sitting in diversity apply state substantive law and federal

6

procedural law. *Erie v. Tompkins*, 304 U.S. 64, 78 (1938).

HRS § 657-7.5 tolls the statute of limitations when a third-party defendant is brought into an action "who is or may be liable to the defendant or to the plaintiff for all or part of the plaintiff's claim against the defendant." Haw. Rev. Stat. § 657-7.5; *Tri-S Corp. v. W. World Ins. Co.*, 110 Hawai'i 473, 502, 135 P.3d 82, 111 (2006) ("As is obvious from the plain language of the statute . . . [the statute's] purpose is to extend the statute of limitations with respect to parties brought in as third-party defendants.").

Although tolling rules such as HRS § 657-7.5 are often considered "substantive" under the *Erie* analysis, *see Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945), the Magistrate Judge was not presented with a statute of limitations question. Rather, the issue before him was whether Plaintiffs should be granted leave to amend their Complaint to allow joinder of the County, a diversity-destroying defendant, which is a procedural question governed by § 1447(e).[3] *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal 1999) (holding that "a diversity destroying amendment must be considered under the standard set by § 1447(e)"). Section 1447(e) authorizes the Court to "deny joinder, or permit joinder and

---

[3] Even if the County were not a diversity-destroying defendant, FRCP 15(a)(2) and 14(a)(3) would govern amendment, not HRS §657-7.5. Plaintiffs did not cite FRCP 14(a)(3), notwithstanding the fact that it applies to the amendment sought.

7

remand the action to the state court" when a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  The statute's "permissive terms . . . clearly give[] the district court the discretion to deny [diversity-destroying] joinder."  *Newcombe*, 157 F.3d at 691; *see also Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).  Therefore, the Magistrate Judge correctly applied § 1447(e) instead of HRS § 657-7.5 in determining whether Plaintiffs should be permitted to assert direct claims against the County.

**B.     The Magistrate Judge Properly Applied § 1447(e) to Joinder of a Previously-Joined Third-Party Defendant**

Plaintiffs also argue that the Magistrate Judge did not give proper consideration to the fact that Defendant previously joined the County as a third-party defendant.  Doc. No. 79 at 6.  Plaintiffs assert that § 1447(e) and FRCP 19(a) address the joinder of new parties, not the joinder of a previously-joined party.  *Id.* at 6–7.  This directly contradicts Plaintiffs' contention in their motion to amend that § 1447(e) applies.  Doc No. 66-1 at 9–10.  It is improper for Plaintiffs to advance an inconsistent position on appeal merely because the outcome of the underlying motion was unfavorable.

Plaintiffs have not cited any authority for the proposition that § 1447(e) does not apply to previously-joined parties.  Doc. No. 79 at 7.  Indeed, courts presented with this very issue have applied § 1447(e).  *E.g.*, *Lewis v. Gruden*, Civil Action

No. 08-863, 2009 WL 113421, at *1 n.2 (E.D. Pa. Jan. 16, 2009); *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 1000–01 (N.D. Ill. 2003); *Da Cruz v. Townmasters of N.J., Inc.*, 217 F.R.D. 126, 134 (E.D.N.Y. 2003). Accordingly, the Magistrate Judge's application of § 1447(e) was not erroneous.

C. **The Magistrate Judge Did Not Clearly Err in Analyzing the § 1447(e) Factors**

Plaintiffs alternatively argue that if § 1447(e) applies, the Magistrate Judge clearly erred in his weighing of the equitable factors considered in a § 1447(e) analysis. Plaintiffs contend that granting leave to amend is the only reasonable outcome of a proper application of the factors. Doc. No. 79 at 7. As earlier noted, the Magistrate Judge found that factors (3), (4), and (5) weighed in favor of amendment and that factors (1), (2), and (6) weighed against amendment. The Court finds that the Magistrate Judge properly analyzed and weighed the challenged factors, as detailed below.

1. **Joinder Under Rule 19(a)**

With respect to the first factor, Plaintiffs argue that the Magistrate Judge improperly found that the County is not a necessary party. Doc. No. 79 at 8. The Magistrate Judge held that although Plaintiffs' proposed claims against the County arise from the same events as their claims against Defendant, the County was not a necessary party under FRCP 19(a).

FRCP 19(a) requires joinder of a person as a party if "in that person's

9

absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). As explained by the Magistrate Judge, Plaintiffs' claims against the County arise from the same events as their claims against Defendant, but resolution of the existing claims against Defendant does not require consideration of the Plaintiffs' claims against the County. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (holding that "it is not necessary [under Rule 19] for all joint tortfeasors to be named in a single lawsuit"); *see also* Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment. Accordingly, the Magistrate Judge did not clearly err in concluding that the first factor weighed against amendment.

### 2. Statute of Limitations

Plaintiffs also argue that the second factor—whether an original action against the County in state court would be barred by the statute of limitations—favors amendment. Plaintiffs concede that their claims against the County would not be time-barred given their already-existing state court action against the County. Doc. No. 79 at 9. However, they contend that their proactivity—intended to provide notice to the County prior to the expiration of the statute of limitations period—should not militate against them. The Magistrate Judge concluded that this factor weighed against amendment because the statute of limitations would not preclude Plaintiffs from asserting their claims against the County elsewhere. This determination was not erroneous.

### 3. Prejudice to Plaintiffs if Joinder is Denied

Plaintiffs argue that the Magistrate Judge should have weighed the sixth factor—whether denial of joinder will cause them prejudice—in favor of allowing amendment. The Magistrate Judge found that the mere fact that Plaintiffs may have to proceed with two actions was not sufficiently prejudicial. Doc. No. 77 at 9.

Here, denial of joinder will not cause undue prejudice to Plaintiffs. They are free to proceed with their claims against the County in state court. It appearing that the Magistrate Judge considered the allegations of prejudice proffered by Plaintiff, and nevertheless concluded that insufficient prejudice existed, this Court cannot say that his determination was clearly erroneous. Therefore, the Magistrate Judge correctly found that the sixth factor weighs against amendment.

### 4. Weighing Factors

Finally, the Magistrate Judge did not clearly err in his balancing of the factors. It is well-established that decisions to allow the joinder of non-diverse defendants are discretionary and involve the weighing of several factors.[4] *Stevens*, 378 F.3d at 949; *Newcombe*, 157 F.3d at 691 ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."); *Estate of Tungpalan v. Crown Equip. Corp.*, No. CIV. 11-00581

---

[4] Plaintiffs conceded as much. Doc. No. 66-1 at 10.

11

LEK, 2013 WL 2897777, at *11 (D. Haw. June 12, 2013). Given that "[a]ny of the factors might prove decisive," *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010), and that the joinder determination is discretionary, the Magistrate Judge did not err in ultimately concluding—after weighing the relevant factors and considering the circumstances of this case—that joinder would be inappropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiffs' Request for Leave to File First Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 30, 2019.



/s/ Jill A. Otake
Jill A. Otake
United States District Judge

Civil No. 17-00518 JAO-RLP; *Parrish v. JCI Jones Chemicals*; ORDER AFFIRMING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT