IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LUCAS PARRISH, ET AL., | ) | CIVIL NO. 17-00518 JAO-WRP |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | JOINT PETITION FOR GOOD |
| | ) | FAITH SETTLEMENT |
| JCI JONES CHEMICALS, INC., ET | ) | DETERMINATION |
| AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT JOINT
PETITION FOR GOOD FAITH SETTLEMENT DETERMINATION

Before the Court is Plaintiffs' and Defendant JCI Jones Chemicals, Inc.'s (JCI) Joint Petition for Good Faith Settlement Determination, filed on March 2, 2020 (Petition). See ECF No. 170. The Petition seeks approval of the confidential settlement between Plaintiffs and Defendant JCI pursuant to Hawaii Revised Statutes Section 663-15.5. See id. Third-Party Defendant County of Hawaii filed a Statement of No Opposition on March 16, 2020. See ECF No. 176. Because no objections to the Petition were filed, the Court vacated the hearing set for April 6, 2020, and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c). See ECF No. 177.

After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the

Petition be GRANTED.[1]

## BACKGROUND

This action arises from an incident involving Plaintiff Luke Parrish's exposure to a leaking chlorine cylinder that occurred on September 23, 2016. See ECF No. 1-1. Judgment was entered in favor of Defendant JCI April 25, 2019 pursuant to the Order Granting Defendant JCI Jones Chemicals, Inc.'s Motion for Judgment on the Pleading. See ECF No. 165. The claims against third-party Defendant County of Hawaii were dismissed by stipulation. See ECF No. 161. Plaintiffs filed a Notice of Appeal. See ECF No. 162. On February 19, 2020, the Ninth Circuit issued an Order granting the Stipulation to Dismiss Appeal and Remand Case. See ECF No. 169. According to the Petition, Plaintiffs and Defendant JCI entered into a Confidential Settlement and Release Agreement while this action was on appeal. See ECF No. 170-8. The parties seek a determination of good faith settlement pursuant to Hawaii Revised Statutes Section 663-15.5. See ECF No. 170-1.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.  See Haw. Rev. Stat. § 663–15.5(a) and (d).  To determine whether parties have entered into a good faith settlement, the court should consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
> (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  See id. (stating that the goal of the statute

is to "prevent collusive settlements aimed at injuring non-settling tortfeasors' interests"). Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. See Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. See Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

The Court has reviewed the factors set forth in Troyer v. Adams and the terms of the settlement and finds that the material terms of the settlement meet the purpose of Section 663-15.5 and that the settlement was entered into in good faith.

CONCLUSION

Based on the Court's consideration of the Petition, the lack of opposition, and the totality of the circumstances, the Court FINDS that the settlement between Plaintiffs and Defendant JCI Jones Chemicals, Inc. was in good faith under Hawaii Revised Statutes Section 663–15.5 and RECOMMENDS that the Joint Petition for Good Faith Settlement Determination be GRANTED.

///

///

4

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 30, 2020.



_____

Wes Reber Porter
United States Magistrate Judge

**LUCAS PARRISH, ET AL. v. JCI JONES CHEMICALS, INC., ET AL.; CIVIL
NO. 17-00518 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT
JOINT PETITION FOR GOOD FAITH SETTLEMENT DETERMINATION**